**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 15-1463**

───────────

LINDA LIEVING,

                    Plaintiff – Appellant,

          v.

PLEASANT VALLEY HOSPITAL, INC.; THOMAS SCHAUER,

                    Defendants - Appellees.

───────────

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.   Robert C. Chambers, Chief District Judge.  (3:13-cv-27455)

───────────

Submitted:  November 30, 2015          Decided:  January 6, 2016

───────────

Before NIEMEYER, MOTZ, and FLOYD, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Walt Auvil, RUSEN & AUVIL, Parkersburg, West Virginia, for Appellant. Arie M. Spitz, Brian J. Moore, DINSMORE & SHOHL, LLP, Charleston, West Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Linda Lieving appeals the grant of summary judgment in favor of Pleasant Valley Hospital, Inc. ("PVH") and Thomas Schauer, PVH's Chief Executive Officer (collectively, "Defendants"), in her employment discrimination action. Lieving alleged that Defendants fostered a hostile work environment in which she was discriminated against on the basis of her sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (2012), and the West Virginia Human Rights Act, W. Va. Code Ann. § 5-11-1 (2014). On appeal, Lieving argues that she suffered unwelcome conduct based on her sex and that such conduct was sufficiently severe and pervasive to constitute a hostile work environment.

We review the grant or denial of summary judgment de novo, "drawing reasonable inferences in the light most favorable to the non-moving party." Butler v. Drive Auto. Indus. of Am., Inc., 793 F.3d 404, 407 (4th Cir. 2015) (internal quotation marks omitted). Summary judgment is only appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of

2

evidence." Dash v. Mayweather, 731 F.3d 303, 311 (4th Cir. 2013).

Title VII prohibits an employer from "discriminat[ing] against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1) (2012). Because "an employee's work environment is a term or condition of employment, Title VII creates a hostile working environment cause of action." Walker v. Mod-U-Kraf Homes, 775 F.3d 202, 207 (4th Cir. 2014) (internal quotation marks omitted). To establish a claim for a hostile work environment, an employee must show that she suffered "unwelcome" harassment that was based on her sex, was "sufficiently severe or pervasive to alter the conditions of her employment and create an abusive atmosphere," and was imputable to her employer. Freeman v. Dal-Tile Corp., 750 F.3d 413, 420 (4th Cir. 2014) (internal quotation marks omitted).

Harassment is based on an employee's sex where, "'but for' the employee's sex, he or she would not have been the victim of the discrimination." Wrightson v. Pizza Hut of Am., Inc., 99 F.3d 138, 142 (4th Cir. 1996). In making this determination, "[t]he critical issue, Title VII's text indicates, is whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are

3

not exposed." Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 80 (1998) (internal quotation marks omitted).

After reviewing the record, we find no evidence that Lieving suffered harassment based on her sex. There is no reason to believe that were she not female, the alleged events at PVH would have transpired differently. Lieving primarily complains of one incident with another employee and the aftermath of that incident. But the incident, combined with a few sexually suggestive offhand comments by male executives during unrelated board meetings, is not sufficient to show that Lieving suffered discrimination based on her sex.

Accordingly, we affirm the district court's order granting summary judgment to Defendants. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED